O’NIELL, Chief Justice
 

 (dissenting).
 

 The only question in this case is whether the dividing line between the two parishes, Iberville and St. Martin, shall follow the East Branch of Bayou Alabama all the way up from Osea (or Oski) Bay to the township line which forms the southern boundary of the Parish of Pointe Coupee, or shall follow that branch of Bayou Alabama upwards for a distance of only three miles, and then turn off in' a northwestern direction and follow the southern bou'ndary of the irregular section 60 to the rear boundary of that section (a distance of a mile and a half away from the East Branch of Bayou Alabama), and thence go upwards along the irregular course contended for by the Parish of Iberville.
 

 It is not disputed — and in fact is stated and shown in the majority opinion in this case — that the dividing line between the two parishes does run through the center of the East Branch of Bayou Alabama from Osea (or Oski) Bay upward for a distance of three miles.
 

 In the French text of Section 2 of Act No. 130 of 1847, it is said that the dividing line between the two parishes shall follow the West Branch of Bayou Alabama
 
 (la branche occidentale du bayou Alabama),.
 
 But it is conceded that the use of the French
 
 *463
 
 word
 
 occidentale,
 
 instead of
 
 orientate,
 
 in the French text of the statute, was a mistake, the intention being to use the words
 
 la branche oriéntale,
 
 which means the East Branch. In fact there is no West Branch of Bayou Alabama, the only two branches being the Main Branch and the East Branch. The Main Branch does not empty into Osea Bay, but empties into the Atchafalaya River, many miles west from the place where the East Branch empties into Osea Bay. Hence we all agree that the words in the French text
 
 la branche occidentale,
 
 mean the East Branch, as stated in the English text of the statute. With that understanding, the French text, very plainly, declares that the dividing line between the two parishes shall follow the East Branch of Bayou Alabama
 
 all the way up from Osea Bay to the township line between townships six and seven, or the southern boundary line of the Parish of Pointe Coupee.
 

 Commencing at the mouth of the East Branch of the bayou, at Osea Bay, the statute declares: “thence, it shall follow the said branch (de la elle suivra la dite branche), the two banks thereof comprising habitations (des deux cotés y compris les habitations), upward to the township line between townships six and seven (jusqu’au dessus de la ligne de township entre les townships six et sept)”
 

 The French word
 
 suivra
 
 is a form of the verb
 
 suivre
 
 and means “shall follow”. The word
 
 “follow”
 
 — suivre—in the sense in which the surveyors use it, means, according to all of the dictionaries, “to proceed along, as a route or course”. Therefore, to say that the dividing line between the two parishes
 
 shall follow
 
 the said branch
 
 (suivra la dite branche)
 
 of Bayou Alabama upward to the township line between townships six and seven (jusqu’au dessus de la ligne de township entre les townships six et sept) means that the dividing line shall run along the center of the said branch of Bayou Alabama, all the way up to the township line. Certainly, it does not mean that the line shall follow the center of the East Branch of the bayou for a distance of only thne miles upward towards the township line and then turn abruptly northwestward and ru'n a distance of a mile and a half away from the East Branch of the bayou, and thence follow the zigzag line, or series of lines, which the Parish of Iberville is contending . for, out in the dense cypress swamp where there is nothing to show or indicate a boundary line.
 

 In this connection, it seems impossible that the Legislature intended to adopt as the dividing line between the two parishes, the irregular and indefinite series of lines which the court is now adopting as the line which shall follow the East Branch of Bayou Alabama
 
 (elle suivra la dite branche)
 
 upward to the township line between townships six and seven
 
 (jusqu’atu dessus de la ligne de township entre les townships six et sept).
 
 The irregular or broken line which the majority of the members of the cou'rt have adopted crosses
 
 *464
 
 the- Main Branch of Bayou Alabama about three miles below the township line between townships 6 and 7; and, at the place of crossing, the line follows the middle of the Main Branch of Bayou Alabama for a distance of about a quarter of a mile. And, stranger still, the line intersects the range line between ranges 7 and 8, about half a mile below the township line. At that point the range line is about a mile and a half west from the East Branch of Bayou Alabama.
 

 The cause of the error of doubting that the East Branch of Bayou Alabama is the boundary line between the two parishes, Iberville and St. Martin, from Osea Bay all the way up to the township line between townships 6 and 7, is the fault in the translation of the parenthetical phrase,
 
 des deux cótés y compris les habitations.
 
 That expression was translated in the English text, erroneously, thus: “including the inhabitants of both sides thereof”. The literal translation of the phrase, according to Spiers and Surenne’s French Pronouncing Dictionary, would be “the two banks of which — meaning the two banks of the East branch of Bayou Alabama — comprising habitations.”
 
 Les habitations
 
 does not necessarily
 
 mean the
 
 habitations, but means simply habitations. In many instances, such as in this instance, it is proper to omit the article “the”, in translating from French to English,- — e. g.
 
 les habitations.
 

 I do not find in Spiers & Surenne’s French Pronouncing Dictionary, in the edition of 1867, or of 1915, or of 1930, that the French word
 
 habitation
 
 means
 
 plantation.
 
 The only definitions given for the French word
 
 habitation
 
 are
 
 habitation, abode, place of abode, dwelling, residence, place of residence.
 
 The word
 
 plantation
 
 is not mentioned at all as a definition of the French word
 
 habitation.
 
 Nor is the French word
 
 habitation
 
 given as a definition for the English word
 
 plantation
 
 in that part of Spiers and Surenne’s Dictionary which translates the English words into French. I mention this because I do not believe that there were any plantations on the East Branch of Bayou Alabama in the year 1847, when Act 130 of that year was enacted. We must remember that that statute was enacted before the enactment of the swamp land grants of 1849 and 1850, Act of March 2, 1849, 43 U.S.C.A. § 982, and Act of September 28, 1850, 43 U.S.C.A. § 982, by which the swamp lands, such as the dense cypress swamp through which ran the East Branch of Bayou Alabama, were transferred by the Federal Government to the State of Louisiana. My opinion therefore is that we should translate the French word
 
 habitations
 
 as meaning “habitations”, — the true meaning of the phrase being — as the English text indicates —that both banks of the East Branch of the bayou were inhabited. It is possible, of course, -that in those days — a hundred years ago — in the French language as spoken in Louisiana the- French word
 
 habitation
 
 was used sometimes as meaning “plantation”. But that is a matter of little or no impor
 
 *465
 
 tance here because of the likelihood that the habitations on both banks of the East Branch of Bayou Alabama, in 1847, were very few and very small places of residence. One reason why it is not likely that the legislators who wrote Act No. 130 of 1847 intended to call these habitations “plantations” is that the word
 
 plantation,
 
 in the dictionaries, is spelled the same in French as in English, — so why should they not have used that word.
 

 Referring again to the parenthetical phrase
 
 "des deux cútés y compris les habitations”
 
 — the most harmful mistake that was made in the translation was in translating the word
 
 compris
 
 as meaning “including”.
 
 Compris
 
 is a participle, a form of the French verb
 
 comprendre.
 
 It is true that one of its meanings is “include”, but that is not its only meaning. According to the French dictionary it means also to
 
 comprehend,
 
 to
 
 comprise,
 
 to
 
 contain,
 
 etc. As we all know, it is sometimes not possible to give a literal translation to a French expression and retain its sense. According to my understanding the word
 
 containing
 
 or
 
 comprising
 
 would be a more appropriate definition for the French word
 
 compris,
 
 as it is used in Act No. 130 of 1847. A liberal translation of the phrase,
 
 des deux cotes y compris les habitations,
 
 would be “the two banks of which” — meaning both banks of the East Branch of Bayou Alabama — “comprising habitations — or having habitations on them.”
 

 By translating the phrase,
 
 des deux cútés y compris les habitations,
 
 as meaning “including the plantations on both sides” the majority opinion makes it necessary to add or interpolate the name of the parish in which the so-called plantations are to be
 
 included.
 
 And the court concludes that these so-called plantations, on both banks of the bayou, should be included not in the Parish of St. Martin but in the Parish of Iberville. The reason for that conclusion, as I understand, is (1st) that it was in response to “two memorials of certain inhabitants of the Parish of Iberville relative to the division between the Parishes of Ascension and Iberville” that the bill to define the boundary line between those two parishes was introduced in the Legislature, and (2nd) that Mr. Adams, who made the motion to amend the bill by adding the words “and the boundary line between Iberville and St. Martin”, was the senator from the Parishes of Iberville and West Baton Rouge.
 

 I respectfully submit that in our interpretation of this statute we should adhere to the words of the Act and be not governed by any supposed intention on the part of the sponsor or sponsors of the bill in the Legislature. We must remember that the statute represents the expressions of a majority of the members of both houses of the Legislature. If they had intended to say that the
 
 habitations,
 
 or so-called
 
 plantations,
 
 on both sides of the East Branch of Bayou Alabama, should be included in the Parish
 
 *466
 
 of Iberville, they would have said so in the statute. I see no good reason for supplying the statement that the
 
 habitations
 
 or so-called
 
 plantations
 
 on both sides of the East Branch of Bayou Alabama should be included in the Parish of Iberville. The object of the statute, as expressed in both languages, in its title, was to define the boundary line between the two parishes. And the statute declares that the dividing line between the two parishes, Iberville and St. Martin, shall follow the East Branch of Bayou Alabama upward to the township line between townships six and seven, which is the northern boundary of both parishes, being the southern boundary of the Parish of Pointe Coupee.
 

 I agree, of course, with the statement in the majority opinion that “The interpretation of this statute is a judicial function”, and with the statement “that the map compilers could not legally fix or establish any boundary other than that defined and called for by the act”, — Act No. 130 of 1847.
 

 For that reason my opinion is that Powell’s map, approved in 1858, should be dealt with merely as showing the source and origin of the error made in subsequent maps, su'ch as Dickinson’s map, made in 1883, and Hardee’s map of 1871, and the Hardee map of 1894. In this connection I agree with the statement in the majority opinion that the Hardee map of 1871 does not locate the dividing line between the two parishes "with any degree of certainty”. The photolithographs of T. 7 and 8 S., R. 8 E., filed in the recorder’s office in Iberville Parish in 1877, of course, do not purport to show the dividing line between the two parishes.
 

 The survey made by Charles Gutekunst, surveyor and civil engineer, in 1919, adheres to the declaration in the statute that the dividing line between the two Parishes, Iberville and St. Martin, shall follow the East Branch of Bayou Alabama from Osea Bay upward
 
 to the township line
 
 between townships six and seven. And the notes which appear as a legend on his map declare : “This liiap is made from approved maps and field notes of the U. S. Government and actual surveys made by me”,— Charles Gu'tekunst.
 

 The official map compiled by the Board of State Engineers under authority of Act No. 159 of 1928, and the quadrangle map’ made by the United States Army Corps of Engineers, also show that the surveyors and engineers who made the surveys from which these maps were compiled adhered to the declaration in the statute that the dividing line between the two parishes, Iberville and St. Martin, shall follow the East Branch of Bayou Alabama upward from Osea Bay
 
 to the township line
 
 between townships six and seven, which is the northern boundary of the two parishes, being the southern boundary of the Parish of Pointe Coupee.
 

 However, I rest my opinion in this case upon the declaration in the statute that the
 
 *467
 
 dividing line between the two parishes, Iberville and St. Martin, shall follow the East Branch of Bayou Alabama, — the two banks thereof comprising habitations,— upward from Osea Bay
 
 to the township line
 
 between townships six and seven,— and upon the declaration in the majority opinion that “the interpretation of this statute is a judicial function” and “that the map compilers could not legally fix or establish any boundary other than that defined and called for by the act”, — Act No. 130 of 1847.